## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANGHAI LUYI JIESHENG
INTERNATIONAL TRADE CO., LTD,
A/K/A SHANGHAI LJ INTERNATIONAL
CO., LTD, A/K/A LJ INTERNATIONAL
TRADE COMPANY,

*Plaintiff,*

    v.

BDK, BO DO KO USA, INC. D/B/A BDK
USA INC., CUSTOM AUTO CREWS,
CUSTOM AUTO CREWS, INC.,
MOTORBOX INC, NBTEPEM, AND
TAIZHOU WEIMIN E-COMMERCE CO.,
LTD.,

*Defendants*.

**Civil Action No.**

## COMPLAINT

Plaintiff, Shanghai Luyi Jiesheng International Trade Co., Ltd, whose name is alternatively

translated and known as "Shanghai LJ International Co., Ltd." or "LJ International Trade Company"

("Plaintiff" or "Shanghai LJ"), by and through its undersigned attorney, brings this action for

patent infringement against Defendants, BDK, Bo Do Ko USA, Inc. d/b/a BDK USA Inc., Custom

Auto Crews, Inc., Motorbox Inc, NBTEPEM, and Taizhou Weimin E-Commerce Co., Ltd.

(collectively, "Defendants"). In support of its claims, Plaintiff alleges as follows:

### NATURE OF ACTION

1.      Shanghai LJ is a global manufacturer of automobile interior accessory products

based in Shanghai, China. This action is brought to combat Defendants' infringement of Plaintiff's

U.S. Design Patent No. D1,073,565 (the "'565 Patent"). Attached hereto as **Exhibit 1** is a true and

correct copy of the '565 Patent.

1

2.     E-commerce has exposed intellectual property right holders such as Shanghai LJ to significant harm from infringers hiding behind pseudoidentities. While Shanghai LJ is investing heavily into its '565 Patent and gaining consumer trust and goodwill through quality products, effective marketing strategies, and responsive customer support, Defendants are using online storefronts, aliases, sham companies, and other forms of pseudoidentities to sell infringing products and to trade upon the established reputation and goodwill associated with Shanghai LJ's '565 Patent.

3.     Because of Defendants' infringing activities alleged herein, Shanghai LJ has been and continues to be irreparably damaged through loss of market share and erosion of its patent rights and therefore seeks injunctive and monetary relief.

## PARTIES

**Plaintiff**

4.     Plaintiff is a Chinese limited company with a primary business address at Room 3502, No. 800 Dongfang Road, Pudong, Shanghai, China.

5.     Plaintiff conducts business worldwide via online means and transacts with consumers throughout the United States, including within this district.

6.     Plaintiff has offered to sell and sold hundreds of thousands of products applying the '565 Patent via the online marketplace platform Amazon.com under the brand and federally-registered trademark CASS PASS.

**Defendants**

7.     Upon information and belief, Defendants BDK, Bo Do Ko USA, Inc. d/b/a BDK USA Inc. are aliases and alter egos of the same California corporation with a principal place of business at 1457 Glenn Curtiss, Carson, CA 90746 (the "BDK Defendants").

2

8.      Upon information and belief, Defendants Custom Auto Crews, Custom Auto Crews, Inc., and Motorbox Inc are aliases and alter egos of the same California corporation or business entity with an expired California corporation registration and a principal place of business as same as the BDK Defendants' at 1457 Glenn Curtiss, Carson, CA 90746 (the "Custom Auto Crews Defendants").

9.      Upon information and belief, Defendants NBTEPEM and Taizhou Weimin E-Commerce Co., Ltd. are aliases and alter egos of the same Chinese limited company ("youxian gongsi") with a principal place of business at No. 1, Building 7, Jiayuan North District, Haicheng, Haimen Street, Taizhou Bay New District, Taizhou City, Zhejiang Province, China with a postal code of 318099 (the "NBTEPEM Defendants").

10.     Upon information and belief, Defendants source products from the same or similar suppliers in foreign jurisdictions such as People's Republic of China and import their products to shipping and fulfillment centers within the United States for distribution across the United States.

11.     Upon information and belief, Defendants target their business activities toward consumers throughout the United States, including within this district, by conducting pervasive business activities on online marketplace platforms such as Amazon.com, social media platforms, and/or fully interactive e-commerce websites through Defendants' operation of, or assistance in the operation of, the fully-interactive online stores and merchant accounts identified on Schedule A (collectively, "Defendants' Online Stores").

12.     Upon information and belief, the BDK Defendants and the Custom Auto Crews Defendants operate their respective Online Stores under the same or a similar set of brand names including MOTOR TREND, which is not covered by any active federal trademark registration as it is used in connection with the products at issue.

3

13.     Upon information and belief, the NBTEPEM Defendants operate their Online Stores under the brand and federal trademark registration known as "NBTEPEM."

14.     Defendants appear to be an interconnected group of individuals or business entities, as Defendants' Online Stores bear common or similar identifiers such as common or similar design elements, common choice of online marketplace platform, the same or substantially similar products, the same or substantially similar product descriptions, the same or similar pricing and sales promotions, and/or the same or substantially similar purchasing and order fulfillment methods. The foregoing similarities establish a logical relationship among Defendants' Online Stores and suggest that Defendants' e-commerce counterfeit and infringement operations arise out of the same series of transactions or occurrences.

15.     Because Defendants operate behind their Online Stores and do not own brick-and-mortar establishments, it is virtually impossible for Plaintiff to learn the true identities of Defendants. In the event that more information about Defendants' identities come into light through discovery, Plaintiff will take appropriate steps to amend the Complaint.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 (patent infringement), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

17.     This Court has personal jurisdiction over Defendants because Defendants regularly conduct business and maintain continuous contacts in the Commonwealth of Pennsylvania, including in this district. Moreover, Defendants have promoted, marketed, advertised, offered to sell, and sold infringing products in the Commonwealth of Pennsylvania, including in this district.

4

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(b)(3) because a substantial part of the events giving rise to the claims occurred in this district, and because each of Defendants directly target consumers in this district through the operation of Defendants' Online Stores. Defendants are involved in the production, marketing, offering for sale, sale, and/or shipping of infringing products to the consumers in this district. Further, Defendants have committed and knowingly participated in the commission of tortious acts causing substantial injury to Plaintiff in the Commonwealth of Pennsylvania, including in this district.

COMMON FACTUAL BACKGROUND

**Plaintiff's '565 Patent**

19.     Under its CAR PASS brand on Amazon.com, Plaintiff offers a variety of automobile interior accessory products, many of which have gained high customer ratings and substantial commercial success due to their innovative designs, superb quality, and well-positioned pricing and marketing.

20.     On May 6, 2025, the United States Patent and Trademark Office granted the '565 Patent under the title of "Car Floor Mat." *See* Exh. 1.

21.     Through an assignment from the inventor, Ms. Chang'E Peng, who serves as Shanghai LJ's Board Member, Legal Representative, and Director of E-Commerce Sales, Plaintiff is the owner of all right, title, and interest in the '565 Patent, including the right to enforce and sue for damages. *See* Exh. 1.

22.     Plaintiff's '565 Patent is valid and enforceable at all times relevant herein and is entitled to a presumption of validity under 37 U.S.C. § 282.

23.     The '565 Patent discloses and claims an ornamental design for an automobile front seat floor mat, as depicted on the issued patent and in the figures below:



**Plaintiff's U.S. Design Patent No. US D1,073,565**

Fig. 1

Fig. 2

Fig. 3

Fig. 4

Fig. 5

Fig. 6

Fig. 7

6

24.     Plaintiff manufactures car floor mat products embodying the '565 Patent under its CAR PASS brand (the "**Authentic CAR PASS Products**") and lawfully sells these products in the United States through online channels, including on Amazon.com.

25.     Plaintiff provides notice of its patent rights on the Authentic CAR PASS Products and by listing the patent number of the '565 Patent in the online product description thereof.

26.     Plaintiff has carefully monitored and policed the application of the '565 Patent on goods sold in the United States and has never assigned or licensed its patent rights to any of the Defendants.

27.     Visibility on the Internet, particularly via Internet search engines such as Google and online marketplaces such as Amazon.com, is critical to Plaintiff's online business. Thus, Plaintiff expends significant monetary resources on online marketing campaigns, including search engine optimization, paid advertising, and product listing sponsorships. These online marketing campaigns allow Plaintiff to fairly and legitimately educate consumers about the Authentic CAR PASS Products and the unique value thereof.

28.     As a result of Plaintiff's efforts, the '565 Patent represents substantial goodwill on the part of Plaintiff.

29.     The goodwill associated with the '565 Patent is incalculable and of inestimable value to Plaintiff.

**Defendants' Infringing Activities**

30.     Defendants applied, manufactured, imported, offered for sale, and/or sold car floor mats applying the '565 Patent or the colorable imitations thereof (collectively, "**Defendants' Infringing Products**") in interstate commerce through Defendants' Online Stores.

31.     Defendants' Infringing Products feature car front seat floor mats that apply the '565

Patent or the colorable imitation thereof, as illustrated in the example below:



32.     Plaintiff further confirms Defendants' infringement by visually inspecting the

actual products sold and shipped from Defendants' Online Stores, an example of which is pictured

below:



33.     None of Defendants has ever been authorized sellers or licensees of the '565 Patent.

34.     Plaintiff has never consented to Defendants' making, using, offering for sell, and

selling of Defendants' Infringing Products in the United States.

35.     Upon information and belief, Defendants are working in active concert to

knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants'

Infringing Products in the same transaction, occurrence, or series of transactions or occurrences by at least the following means:

    a.  Setting up multiple storefronts and/or fictitious seller aliases with false, misleading and/or incomplete information on online marketplace platforms to prevent discovery of their true identities and the scope of their e-commerce operations;

    b.  Employing templates on their Online Stores with common design elements and similar product titles and descriptions;

    c.  Offering for sale Infringing Products bearing similar irregularities and indicia suggesting that they were manufactured by and come from a common source; and/or

    d.  Applying substantially similar advertising and marketing strategies so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.

36.    Defendants use their Online Stores, Amazon seller identification numbers, payment accounts, and other online identities, including those set forth on Schedule A, to accept, receive, process, and deposit payments generated from Defendants' infringing activities.

37.    Through their infringing activities, Defendants have amassed substantial revenues and profits riding on the innovative design covered by the '565 Patent and there goodwill associated therewith.

38.    As Defendants' businesses are entirely operated virtually, Defendants are in the position to readily conceal, convert, and transfer their assets to avoid payment of any monetary damages to Plaintiff.

39.     Defendants have actual and constructive knowledge of Plaintiff's rights in and to the '565 Patent.

40.     Defendants have actual and constructive knowledge that they do not have authorization, consent, permission, or license by Plaintiff to apply the '565 Patent on their Infringing Products.

41.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights in and to the '565 Patent. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff will be continuously and irreversibly harmed.

## COUNT I
## Patent Infringement
## (35 U.S.C. § 271(a))

42.     Plaintiff repeats and reiterates the allegations set forth above as though fully set forth at length herein.

43.     Plaintiff is the exclusive owner of all right, title, and interest in and to the '565 Patent.

44.     Plaintiff has sold a significant number of products embodying the '565 Patent and has marked its products with the issued patent number.

45.     Defendants have infringed and continue to infringe the '565 Patent literally and under the doctrine of equivalents by, *inter alia*, making, importing, using, offering for sale, or selling in the United States, including in the Commonwealth of Pennsylvania and within this District, products that embody the ornamental design covered by the '565 Patent or the colorful imitation thereof, in violation of 35 U.S.C. § 271.

46.     Defendants have applied the '565 Patent and/or colorable imitation thereof to articles of manufacture for the purpose of sale and/or sell or expose for sale articles of manufacture to which such design or colorable imitation has been applied.

47.     Defendants' acts of infringement of the '565 Patent were undertaken without Plaintiff's consent, permission, or license.

48.     Upon information and belief, Defendants have knowledge of Plaintiff's rights in the '565 Patent and are willfully infringing Plaintiff's patent rights.

49.     Upon information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants' Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

50.     Defendants' acts of infringement have been willful and deliberate as Defendants have notice of or knew of the '565 Patent but nonetheless injured and will continue to injure Plaintiff.

51.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not primarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm to Plaintiff's rights associated with the '565 Patent.

52.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' infringement of the '565 Patent.

53.     Based on Defendants' acts of infringement of the '565 Patent, Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283, damages under 35 U.S.C. § 284, including but not limited to all gains, profits and advantages obtained by Defendants as a result thereof or the statutory damages at Plaintiff's option under 35 U.S.C. § 289, enhanced discretionary damages, treble damages, costs, as well as reasonable attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and an award of reliefs as follows:

(1) Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, enjoining Defendant, together with its employees, agents, partners, officers, directors, owners, shareholders, members, principals, subsidiaries, affiliates, branches, licensees, assignees, and all persons in active concert or participation with any of them, from the following acts –

    a. Manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell in the United States any products that infringe upon Plaintiff's '565 Patent; and

    b. Assisting, aiding, or abetting any other person or entity in engaging in infringing upon Plaintiff's '565 Patent;

(2) Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a) (The All Writs Act), and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to Defendants in connection with the sale and distribution of goods that infringe upon the '565 Patent;

(3) Entry of an order directing Defendant to destroy and remove all products, online product listings, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that apply the '565 Patent or the colorable imitation thereof;

(4) Entry of an award of damages adequate to compensate Plaintiff under 35 U.S.C. § 284, but in no event less than the reasonable royalties for Defendants' use made of the '565 Patent, together with interest and costs as fixed by the Court, with the amount of actual damages trebled or otherwise heightened under 35 U.S.C. § 284;

(5) Entry of an order directing Defendants to account for and pay to Plaintiff any and all profits arising from Defendants' infringement of the '565 Patent, or, at Plaintiff's election, not less than $250 in damages pursuant to  35 U.S.C. § 289;

(6) A finding that this is an exceptional case and entry of an award of reasonable attorneys' fees to Plaintiff under 35 U.S.C. § 285;

(7) Entry of an award of pre- and post-judgment interest on the judgment amount;

(8) Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with Defendants' Online Stores, used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

(9) Granting any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Dated: August 26, 2025

By:    /s/ Bole Yuan
       BOLE YUAN

       **LAW OFFICE OF BOLE YUAN, ESQ.**
       1617 John F. Kennedy Blvd., Suite 1060
       Philadelphia, PA 19103
       T: (215)901-8324
       Email: stevenyuan@lawvictor-ip.com

       *Attorney for Plaintiff, Shanghai Luyi*
       *Jiesheng International Trade Co., Ltd*