**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SHANGHAI LUYI JIESHENG INTERNATIONAL TRADE CO., LTD, A/K/A SHANGHAI LJ INTERNATIONAL CO., LTD, A/K/A LJ INTERNATIONAL TRADE COMPANY,<br><br>     *Plaintiff*,<br><br>  v.<br><br>BDK, BO DO KO USA, INC. D/B/A BDK USA INC., CUSTOM AUTO CREWS, CUSTOM AUTO CREWS, INC., MOTORBOX INC, NBTEPEM, AND TAIZHOU WEIMIN E-COMMERCE CO., LTD.,<br><br>     *Defendants*. | **Civil Action No. 25-4895**<br><br>**Hon. Judge Joshua D. Wolson** |

**PLAINTIFF'S EX PARTE MEMORANDUM IN COMPLIANCE WITH**
**THE COURT'S ORDER DATED 09/10/25 (ECF NO. 10)**

  Plaintiff Shanghai Luyi Jiesheng International Trade Co., Ltd ("Plaintiff") hereby submits this Memorandum in compliance with the Court's September 10 Order (ECF No. 10) and requests to limit its *ex parte* application (ECF No. 7) against Defendants NBTEPEM and Taizhou Weimin E-Commerce Co., Ltd. (the "NBTEPEM Defendants") only.

1. Subsequent to the September 5, 2025 hearing, Plaintiff obtained additional information that the NBTEPEM Defendants are business entities which are entirely located overseas and not connected with the BDK and Custom Auto Crews defendants, who appear to have physical presence within the United States.

2. Plaintiff learned of the foregoing through directly communicating with the individual who presented himself to be the owner or the responsible party of the NBTEPEM Defendants.

Said individual initiated the communication after finding out of this action on his own, possibly through federal docket monitoring services.

3.      Following said communication, Plaintiff no longer has any reason to believe that the NBTEPEM Defendants are connected with the BDK and Custom Auto Crews defendants.

4.      In light of the Court's concern over the propriety of the venue against the BDK and Custom Auto Crews defendants, Plaintiff has determined to voluntarily dismiss without prejudice its patent infringement claim against these defendants under Federal Rule of Civil Procedure 41(a)(1) and would pursue alternative resolutions of Plaintiff's claim. A Notice of Voluntary Dismissal is filed concurrently herewith.

5.      Plaintiff now seeks to limit its pending *ex parte* application for a temporary restraining order (ECF No. 7) against the remaining NBTEPEM Defendants only and respectfully submits that venue is proper against these defendants.

6.      As the Complaint states, the NBTEPEM Defendants "are aliases and alter egos of the same Chinese limited company ('youxian gongsi') with a principal place of business at No. 1, Building 7, Jiayuan North District, Haicheng, Haimen Street, Taizhou Bay New District, Taizhou City, Zhejiang Province, China with a postal code of 318099." Compl. at ¶ 9 (ECF No. 1).

7.      The aforementioned allegation is supported by the documentary evidence identified in Composite Exhibit 3 to Plaintiff's *Ex Parte* Application for TRO, namely the printout of the NBTEPEM Defendants' seller profile page on Amazon.com, accessed on August 8, 2025 via https://www.amazon.com/sp?ie=UTF8&seller=A36A10BFEVZ3JU (ECF No. 7-7, Page 51).

8.      Based on the aforementioned documentary evidence and the direct communication with the defendants, Plaintiff confirms that the NBTEPEM Defendants do not reside in the United

States or have a regular and established place of business in the United States. These defendants operate in the United States solely through their online store via Amazon.com.

9.      Further, should the Court issue the TRO and authorize Plaintiff to conduct expedited discovery on Amazon, Plaintiff is confident that Amazon will comply and provide the identifying information of the NBTEPEM Defendants, which Plaintiff believes will confirm the defendants' overseas status.

10.     Pursuant to 28 U.S.C. § 1391(c)(3), a defendant not resident in the United States may be sued in any judicial district. The patent venue rule under 28 U.S.C. § 1400(b) "was not intended to supplant the longstanding rule that the venue laws do not protect alien defendants." *In Re HTC Corp.*, 889 F. 3d 1349, 1357 (Fed. Cir. 2018) (*citing Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 706 (1972)). Because foreign corporations are not residents in the United States, they could not use § 1400(b) as a shield against suit in a particular district court. *Id*. at 1359-60.

11.     Here, because the NBTEPEM Defendants are not resident of the United States, they may be sued in this District under 28 U.S.C. § 1391(c)(3). *See id*. (finding that a Taiwanese corporation may be sued in the District of Delaware under § 1391(c)(3)).

12.     Therefore, Plaintiff respectfully submits that venue is proper against the remaining NBTEPEM Defendants and renews all facts and arguments raised in its *ex parte* application for TRO, including the argument on personal jurisdiction (*see* Mem. of Law, at 6-8, ECF No. 7-1), against these defendants only.

Respectfully Submitted,

Dated: September 11, 2025          By:     /s/ Bole Yuan
                                          BOLE YUAN
                                          **LAW OFFICE OF BOLE YUAN, ESQ.**
                                          1617 John F. Kennedy Blvd., Suite 1060

Philadelphia, PA 19103
T: (215)901-8324
Email: stevenyuan@lawvictor-ip.com

*Attorney for Plaintiff, Shanghai Luyi
Jiesheng International Trade Co., Ltd*

## CERTIFICATE OF SERVICE

I certify that the foregoing documents were electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.


Dated: September 11, 2025          By:    /s/ Bole Yuan
                                          BOLE YUAN